_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  SACV 12-2212-JST (ANx) | Date:  September 5, 2013 |
| Title:  Federal Deposit Insurance Corporation v. Curtis Reis et al. | |

**Present: Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Nancy Boehme | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
           Not Present                                                  Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER ON DEFENDANT'S MOTION TO STRIKE (Doc. 17)**

Before the Court is a Motion to Strike Affirmative Defenses from Defendants' Answers to Complaint, filed by Plaintiff Federal Deposit Insurance Corporation as Receiver for Allied Bank.  (Mot., Doc. 17.)  Defendants Curtis Reis, Robert Bothner, D. Gregory Scott, and Robert Thompson filed an Opposition (Opp'n, Doc. 23), joined by Michael Abrams (Doc. 21) and Daniel Jackson (Doc. 22.)  Plaintiff filed a Reply.  (Doc. 24.)  Having reviewed the briefs and taken the matter under submission, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

## I.   Background

By way of background, the Court sets forth the following allegations from Plaintiff's Complaint.  The FDIC seeks to recover losses of at least $35 million that Alliance Bank allegedly suffered due to the irresponsibly provided real estate and construction loans Defendants made between December 7, 2005 and March 28, 2008.  (Compl. ¶ 1.)  The FDIC claims that Defendants derogated from their duty to engage in safe and sound lending practices by providing these loans.  (Compl. ¶ 3.) Defendants

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-2212-JST (ANx)                              Date:  September 5, 2013
Title:  Federal Deposit Insurance Corporation v. Curtis Reis et al.

asserted a number of affirmative defenses in their answers (Docs. 11, 12, 14, 16[1]), which Plaintiff now moves to strike.

## II.  Legal Standard

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).  "[M]otions to strike, as a general rule, are disfavored." *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981).  This is because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (quoting Schwarzer, et al., *Federal Civil Procedure* § 9:375).  "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996).

"In determining whether to grant a motion to strike, a district court views the pleadings in a light most favorable to the non-moving party, and "resolves any doubt as to the . . . sufficiency of a defense in defendant's favor." *Mag Instrument, Inc. v. JS Products, Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (citing *State of Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002); *Wailua Assocs. v. Aetna Cas. and Sur. Co.*, 183 F.R.D. 550, 553-54 (D. Haw. 1998)).

Generally, a motion to strike will not be granted absent a 'showing of prejudice to the moving party.'" *Pacific Dental Servs., LLC v. Homeland Ins. Co. of New York*, No.

_____

[1] Defendant Abrams filed an amendment (Doc. 16) to his original answer (Doc. 12).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  SACV 12-2212-JST (ANx) | Date:  September 5, 2013 |
| Title: Federal Deposit Insurance Corporation v. Curtis Reis et al. | |

SACV 13-749-JST (JPRx), 2013 WL 3776337, at *2 (C.D. Cal. Jul. 17, 2013) (citing *Smith v. Wal-Mart Stores,* No. C 06-2069 SBA, 2006 WL 2711468, at *10 (N.D. Cal. Sep. 20, 2006)).

Rule 8 of the Federal Rules of Civil Procedure requires a party to "state in short and plain terms its defenses to each claim asserted against it," and "affirmatively state" any affirmative defense. Fed. R. Civ. P. 8(b)(1)(A), (c)(1). An affirmative defense is sufficiently pled under this standard if "it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam)). "To determine that a defense is insufficient as a matter of law, 'the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" *Pacific Dental Servs.*, 2013 WL 3776337, at *2 (quoting *Mattox v. Watson*, No.CV 07-5006-RGK (RZx), 2007 WL 4200213, at *1 (C.D. Cal. Nov. 15, 2007)) (citation omitted). "If a court strikes an affirmative defense, leave to amend should be freely granted, provided there is no prejudice to the moving party." *Kohler v. Bed Bath & Beyond, LLC*, No. CV 11-4451 RSWL (SPx), 2012 WL 424377, at *1 (C.D. Cal. Feb.8, 2012) (citing *Wyshak,* 607 F.2d at 826).

Federal Rule of Civil Procedure 8(a)(2), which governs claims pleaded in a complaint, requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted Rule 8(a)(2) to require a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("'[D]etailed factual allegations' are not required," but "[Rule 8(a)(2)] does call for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly* (*id.*)). Plaintiff urges the Court to apply the "plausibility" standard articulated by the Supreme Court in *Iqbal/Twombly* to affirmative defenses. (Mot. at 3-4.) "The Ninth Circuit, however, has not required a heightened pleading standard for affirmative defenses," *Pacific Dental*

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-2212-JST (ANx)                        Date:  September 5, 2013
Title: Federal Deposit Insurance Corporation v. Curtis Reis et al.

*Servs.*, 2013 WL 3776337, at *2 (quoting *Baroness Small Estates, Inc. v. BJ's Rests., Inc.*, No. SACV 11-00468-JST (Ex), 2011 WL 3438873, at *5 (C.D. Cal. Aug. 5, 2011)), and the Court will not require one here.  Accordingly, an affirmative defense is sufficiently pled if it gives plaintiff fair notice of the defense.  *See Pacific Dental Servs.*, 2013 WL 3776337, at *2 (citing *Wyshak*, 607 F.2d at 827); *see also Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF (SHx), 2013 WL 1831686, at *3 (C.D. Cal. Apr. 30, 2013) ("[T]he Court finds that the well established standard described in *Wyshak* continues to apply.").

### III.  Discussion

#### A. Failure to State a Claim (First Affirmative Defense) and Vague and Uncertain Claims (Second Affirmative Defense)

Defendants withdrew these affirmative defenses in their opposition.  (Opp'n at 21 n.13)  The Court grants the Motion with respect to the first and second affirmative defenses.

#### B. Affirmative Defenses Predicated on Duty by FDIC (Third, Ninth - Thirteenth, and Fifteenth - Seventeenth Affirmative Defenses)

Plaintiff and Defendants each spend substantial portions of their briefs debating the state of the law regarding duty-based defenses asserted against the FDIC.  (*See, e.g.*, Mot. at 8-14; Opp'n at 10-19; Reply at 2-8.)

The Court finds that whether the FDIC had a duty is a "disputed and substantial" legal issue.  *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).  Accordingly, the Court joins numerous other courts in declining to decide the issue on a motion to strike.  *See, e.g.*, *W. Holding Co., Inc. v. AIG Insur. Co.*, --- F. Supp. 2d ---, 2013 WL 2477284, at *4 (D.P.R. June 10, 2013) ("Despite receiving substantial insight from the parties, the court follows the examples of fellow districts courts and

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 12-2212-JST (ANx) | Date: September 5, 2013 |
| Title: Federal Deposit Insurance Corporation v. Curtis Reis et al. | |

exercises prudence in denying the motions to dismiss because of split authority on the issue." (citing *FDIC v. Willetts*, 882 F.Supp.2d 859, 870 (E.D.N.C. 2012); *FDIC v. Skow*, No. 1:11-cv-0111-SCJ, 2012 WL 8503168, at *12 (N.D. Ga. Feb. 27, 2012)); *FDIC v. Spangler*, No. 10-cv-4288, 2012 WL 5558941, at *5 (N.D. Ill. Nov. 15, 2012) (concluding, after extensive discussion, that "the viability of affirmative defenses such as comparative negligence and failure to mitigate is a complex issue with no clear answer and thus is not appropriate for disposition at the pleading stage." (citing *AEL Fin. LLC v. Tri-City Auto Salvage Inc.*, No. 08-cv-4384, 2009 WL 3011211, at *9 (N.D. Ill. Aug. 31, 2009)).[2]

      Accordingly, the motion to strike these affirmative defenses is denied.

### C. "Statutes of Limitations" (Fourth Affirmative Defense)

      Plaintiff argues that the fourth affirmative defense "fails to provide any factual allegations to support the several statutes cited" and, without citing any caselaw, that "the statutes [Cal. Code Civ. Proc. §§ 340.6, 339(1), and 343] cited by Defendants in their Answers are altogether irrelevant to this action." (Mot. at 16.)

      Defendants respond that "Section 339(1) governs the FDIC's negligence and gross negligence claims because they are based upon an 'obligation or liability not founded upon an instrument of writing'" and that "§ 343 governs the FDIC's breach of fiduciary duty claim." (Opp'n at 9-10.) Regarding § 340.6, Defendants state in their opposition that the reference to this section "was included inadvertently" and do not object to the reference to § 340.6 being stricken. (*Id*. at 9 n.9.)

      First, as discussed previously, an affirmative defense is sufficiently pled under this standard if "it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty.*, 609

_____

[2] The Court has reviewed the decisions in *FDIC v. Appleton*, No. LA CV11-00476 JAK (PLAx), ED CV11-00615 JAK (PLAx), Doc. 126 (C.D. Cal. Jul. 23, 2012) and *FDIC v. Van Dellen*, No. CV 10-4915 DSF (SHx), Doc. 75 (C.D. Cal. Sept. 27, 2011). The Court nonetheless declines to decide these substantial legal questions at the motion to strike stage.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 12-2212-JST (ANx) | Date: September 5, 2013 |
| Title: Federal Deposit Insurance Corporation v. Curtis Reis et al. | |

F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam)). In *Wyshak*, the affirmative defense stated: "plaintiff's claims are barred by the applicable statute of limitations," and only in an attached memorandum was the applicable statute cited. 607 F.2d at 827. The Court nonetheless found that adequate notice had been provided. *Id*. The Court finds that Defendants' Answers, which state that "Plaintiff's claims are barred, in whole or in part, by all applicable statutes of limitations, including but not limited to 12 U.S.C. § 1821(d)(14) and Cal. Code Civ. Proc. §§ 339(1), 340.6, and 343" (see for example Answer, Doc. 11 at 16) are sufficiently pled.

Second, the Court agrees with Defendants that §§ 339(1) and 343 are applicable to the claims at issue. *See F.D.I.C. v. McSweeny*, 976 F.2d 532, 534 (9th Cir. 1992) (finding § 339(1) and § 343 "are relevant to our analysis" of the FDIC's complaint).[3]

The Court denies Plaintiff's motion, except that Defendants' reference to § 340.6 is ordered stricken.

### D. "Exercise of Duty of Care" (Fifth Affirmative Defense), "No Causation" (Seventh Affirmative Defense), "Plaintiff Suffered No Damage" (Eight Affirmative Defense), and "Speculative and Conjectural Damages" (Fourteenth Affirmative Defense)

---

[3] Defendants cited to *McSweeny* and several other cases in their opposition. (*See* Opp'n at 9-10.) Plaintiff's Reply does not address these cases or provide any rebuttal regarding the statute of limitations. Last year, in the same district and with the same law firm, Plaintiff conceded that § 343 and § 339 applied to its negligence and breach of fiduciary duty claims, respectively, against the former officers of a bank, and cited in part to *McSweeny*. *See* Motion for Partial Summary Judgment, *FDIC v. Van Dellen*, No. CV 10-4915 DSF (SHx), Doc. 188 at 12-13 (C.D. Cal. Aug. 22, 2012). Plaintiff even cites the order on this motion in its Reply in this case. *See* Reply at 9 (citing *FDIC v. Van Dellen*, No. CV 10-4915, 2012 WL 4815159 (C.D. Cal. Oct. 5, 2012). Notably, the order found that "[t]he Ninth Circuit's decision in *McSweeney* is binding and conclusively resolves the dispute [regarding the applicable statute of limitations]." *Van Dellen*, 2012 WL 4815159, at *8.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  SACV 12-2212-JST (ANx) | Date:  September 5, 2013 |
| Title: Federal Deposit Insurance Corporation v. Curtis Reis et al. | |

Plaintiff argues that these "are not affirmative defenses at all because they only recite elements of a claim . . . ." (Mot. at 4.)  The Court agrees.  *See Pacific Dental Services v. Homeland Ins. Co. of New York, LLC*, No. SACV 13-749-JST (JPRx), 2013 WL 3776337, at *6 (C.D. Cal. Jul. 17, 2013).  "However, in light of the fact that these defenses are sufficient under Rule 8(b), the Court declines to strike these defenses merely because Defendant mislabeled them in its pleading."  *Id*.  Therefore, Plaintiff's Motion is denied as to these defenses.

### E.  "Business Judgment Rule" (Sixth Affirmative Defense)

Plaintiff argues that the sixth affirmative defense must be stricken because Defendants have not alleged that "they took reasonable steps to inform themselves and actually exercised reasonable business judgment." (Mot. at 15.)  Plaintiff further argues that "as officers of the Bank Reis and Jackson may not raise the BJR as a defense."  (*Id*. at 16.)  Defendants respond that they "are not required to plead detailed factual allegations in support of their defenses," (Opp'n at 19), that the issue "raises a substantial question of California law," (*id*.), that "California's **common law** BJR protects both directors and officers, (*id*. at 20 (emphasis in original)), that "legal experts and commentators generally agree that the BJR protects corporate officers as well as directors," (*id*.), and that "the public policy considerations underlying the BJR support extending its protective scope to officers."  (*Id*.)  In Reply, Plaintiffs direct the Court to *FDIC v. Faigin*, No. 12-03448 DDP (CWx), 2013 WL 3389490, at *11 (C.D. Cal. July 8, 2013) (citing *FDIC v. Perry*, CV–11–5561 ODW (MRWx), 2012 WL 589569 (C.D. Cal. 2012)), which found that the business judgment rule did not apply to officers.  (Reply at 9.)

The Court finds that Defendants' answers, which state "Plaintiff's claims are barred, in whole or in part, by California's statutory or common law Business Judgment Rule and by such other rules of law and equity that insulate Defendants' good faith

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-2212-JST (ANx)            Date:  September 5, 2013
Title:  Federal Deposit Insurance Corporation v. Curtis Reis et al.

conduct from liability" (see for example Answer, Doc. 11 at 16) provide Plaintiff with fair notice and are sufficiently pled for this defense.

However, the Court does not find persuasive Defendants' arguments that the common law business judgment rule has been extended to officers.  In *FDIC v. Perry*, the Court exhaustively analyzed this issue and determined that the business judgment rule does not extend to officers.  *See FDIC v. Perry,* CV–11–5561 ODW (MRWx), 2012 WL 589569 (C.D. Cal. 2012).  The Court is persuaded by the analysis in *Perry* and finds that the business judgment rule does not protect officers' corporate decisions.  *See also Faigin*, 2013 WL 3389490, at *11 (adopting reasoning in *Perry*).

Moreover, the Court finds that in light of *Perry* and *Faigin*, and in contrast to the issues regarding the "no duty" rule, whether the business judgment rule applies to officers under California law is not a disputed and substantial legal issue.  Defendants' argument that this is a "substantial legal issue" relies on a single case that predates both *Perry* and *Faigin*.

Accordingly, the Court grants Plaintiff's motion as to Defendants Reis and Jackson and denies the motion as to the other Defendants.

## F. "Duplicative Claims" (Eighteenth Affirmative Defense) and "Offset" (Nineteenth Affirmative Defense[4]) and "Reservation of Rights" (Nineteenth/Twentieth Affirmative Defense)

Plaintiff argues that these "affirmative defenses" — for duplicative claims, offset, and reservation of rights — "do not exist."  (Mot. at 4-5.)  Even assuming these are improper affirmative defenses, Plaintiff has not demonstrated that it would be prejudiced if they are not stricken.  *See Pacific Dental*, 2013 WL 3776337, at *2 ("Generally, a motion to strike will not be granted absent a showing of prejudice to the moving party.")

---

[4] The "offset" affirmative defense is asserted only by Abrams, as the nineteenth defense.  For all other defendants, the nineteenth defense is "reservation of rights."  The "reservation of rights defense" is twentieth for Abrams.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  SACV 12-2212-JST (ANx) | Date:  September 5, 2013 |
| Title:  Federal Deposit Insurance Corporation v. Curtis Reis et al. | |

(internal quotation marks omitted).  Accordingly, the Court denies Plaintiff's motion as to this defense.

### IV.     Conclusion

Plaintiff's motion with respect to first and second affirmative defenses is GRANTED

Plaintiff's motion with respect to the fourth affirmative defense is DENIED, with the exception that the reference to Cal. Code Civ. Proc. § 340.6 is STRICKEN.

Plaintiff's motion with respect to the sixth affirmative defense is GRANTED WITH PREJUDICE with respect to Reis and Jackson and DENIED as to the other Defendants.

Plaintiff's motion is DENIED with respect to the other affirmative defenses.

_____