MANATT, PHELPS & PHILLIPS, LLP
John F. Libby (SBN 128207)
E-mail: jlibby@manatt.com
Harold P. Reichwald (SBN 085274)
E-mail: hreichwald@manatt.com
Emil Petrossian (SBN 264222)
E-mail: epetrossian@manatt.com
Seth Reagan (SBN 279368)
E-mail: sreagan@manatt.com
11355 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendants*
CURTIS REIS, ROBERT BOTHNER,
D. GREGORY SCOTT, and ROBERT THOMPSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR ALLIANCE BANK,<br><br>Plaintiff,<br><br>vs.<br><br>CURTIS REIS; DANIEL JACKSON; MICHAEL ABRAMS; ROBERT BOTHNER; D. GREGORY SCOTT; and ROBERT THOMPSON,<br><br>Defendants. | Case No. SACV 12-2212 JLS (ANx)<br><br>Hon. Josephine L. Staton<br>Courtroom No. 10A<br><br>**DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION TO STAY PROCEEDINGS OR CONTINUE TRIAL DATE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JOHN LIBBY**<br><br>[*Proposed Order Lodged Herewith*]<br><br>Discovery Cut-Off: April 30, 2014<br>Final Pretrial Conf.: Sept. 26, 2014<br>Trial Date: Oct. 14, 2014 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Robert Bothner, D. Gregory Scott, Robert Thompson, and the late Curtis Reis (collectively, "Moving Defendants") hereby seek an *ex parte* order expediting the hearing of Moving Defendants' Motion To Stay Proceedings Or, In The Alternative, To Continue Trial Date And All Non-Discovery-Related Pre-Trial Dates (Docket No. 75) ("Motion to Stay"). Moving Defendants request that the Motion to Stay be heard on August 1, 2014; that any opposition to the Motion to Stay be filed and served by July 17, 2014; and that any reply be filed and served by July 23, 2014.

This *ex parte* application is based on this notice of application, the accompanying memorandum of points and authorities, the concurrently filed declaration of John Libby, and such other argument, pleadings, and papers on file that the Court may consider at or before the hearing on this *ex parte* application, if any.

Counsel for plaintiff Federal Deposit Insurance Corporation as Receiver for Alliance Bank ("FDIC") was given formal notice of this *ex parte* application on July 8, 2014. (Declaration of John Libby ("Libby Decl.") ¶ 7.) FDIC's counsel has indicated that the FDIC will oppose this *ex parte* application. (*Id.*) The FDIC's counsel's contact information is:

//
//
//
//
//
//
//
//
//

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

*EX PARTE* APPLICATION TO SHORTEN TIME TO HEAR MOTION TO STAY PROCEEDINGS

Patrick J. Richard, Esq.
James H. Vorhis, Esq.
Nossaman LLP
50 California Street, 34th Floor
San Francisco, California 94111

Respectfully submitted,

Dated: July 10, 2014

MANATT, PHELPS & PHILLIPS, LLP
Harold P. Reichwald
John F. Libby
Emil Petrossian
Garrett Mott

By: _____/s/ John F. Libby_____
       John F. Libby

*Attorney for Defendants*
CURTIS REIS, ROBERT BOTHNER, D. GREGORY SCOTT, and ROBERT THOMPSON

# MEMORANDUM OF POINTS AND AUTHORITIES

In the interest of maximizing judicial efficiency and economy, Defendants Robert Bothner, D. Gregory Scott, Robert Thompson, and the late Curtis Reis (collectively, "Moving Defendants") respectfully seek an order shortening time to permit the hearing on their Motion To Stay Proceedings Or, In The Alternative, To Continue Trial Date And All Non-Discovery-Related Pre-Trial Dates (Docket No. 75) ("Motion to Stay"). Moving Defendants request that the Motion to Stay be heard on August 1, 2014; that any opposition to the Motion to Stay be filed and served by July 17, 2014; and that any reply be filed and served by July 23, 2014.

By their Motion to Stay, Moving Defendants are seeking a stay of the proceedings in this action pending resolution of their lawsuit against their former directors and officers ("D&O") liability insurer, Federal Insurance Company ("Federal"). At the time of Alliance Bank's closure in February 2009, Defendants were covered under a $10 million D&O liability insurance policy issued by Federal. Shortly after the closure, however, Federal retroactively reduced the policy limit from $10 million to $1 million and added a regulatory exclusion rider. And in November 2009, after receiving from Plaintiff formal notice of the claims asserted in the instant action, Federal denied coverage. Moving Defendants filed suit against Federal in November 2011 alleging breach of contract and bad faith ("Coverage Action"). The Coverage Action is currently on appeal before the U.S. Court of Appeals for the Ninth Circuit. (Declaration of John Libby ("Libby Decl.") ¶ 3.)

An expedited hearing date on the Motion to Stay would maximize judicial efficiency and economy, because by ruling on the Motion to Stay first, the Court could obviate the need to consider five (5) additional motions which are also pending before the Court in this action:

1. Plaintiff's motion for substitution concerning the late Curtis Reis (Docket No. 54), which is scheduled to be heard on August 1, 2014;

2. Defendant Michael Abrams's motion for summary judgment (Docket No. 56), which is scheduled to be heard on August 29, 2014;

3. Moving Defendants' motion for review of the May 29, 2014 Discovery Order in this action (Docket No. 62), which is scheduled to be heard on August 29, 2014;

4. Plaintiff's motion for partial summary judgment as to Defendants' affirmative defenses (Docket No. 64), which is scheduled to be heard on August 29, 2014;

5. Moving Defendants' motion for review of the June 12, 2014 Discovery Order in this action (Docket No. 66), which is scheduled to be heard on September 5, 2014;

(Libby Decl. ¶ 4.)

If the Court should consider and grant the Motion to Stay first, and stay all proceedings in the instant action, there would be no immediate need for the Court to consider any of these pending motions. Even more importantly, if the Ninth Circuit decides in Moving Defendants' favor in the Coverage Action and determines that Moving Defendants are in fact entitled to coverage on their $10 million policy, the parties here concur that the chances of an out-of-court settlement in the instant action will improve. (Libby Decl. ¶ 5.) Such a settlement would of course obviate the need to ever proceed with any of the pending motions as well as trial in this case. Thus, in order to avoid wasting countless hours and hundreds of thousands of dollars preparing for hearings on five different motions which may ultimately prove unnecessary, it makes perfect sense to consider the Motion to Stay first and to advance the hearing date to August 1, 2014.

Finally, although Moving Defendants acknowledge that a shortened schedule may create certain inconveniences for the Court, under the circumstances here, any

potential inconveniences would be far outweighed by the benefit of obviating the need to proceed with five additional motions. Furthermore, it should be noted that the Motion to Stay requires no in-depth legal analysis. Rather, ruling on the Motion to Stay will require only that the Court review the facts laid out in the motion and apply its own discretion as to whether a stay is in the best interests of the parties and the public. (Libby Decl. ¶ 6.)

    For the foregoing reasons, the Moving Defendants respectfully request that the Court grant this *ex parte* application.

Dated: July 10, 2014

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP
Harold P. Reichwald
John F. Libby
Emil Petrossian
Garrett Mott

By:     /s/ John F. Libby
        John F. Libby

*Attorney for Defendants*
CURTIS REIS, ROBERT BOTHNER, D. GREGORY SCOTT, and ROBERT THOMPSON

# DECLARATION OF JOHN LIBBY

I, John F. Libby, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and in this Court. I am a partner at the law firm of Manatt, Phelps & Phillips, LLP, counsel of record in this action for plaintiffs Robert Bothner, D. Gregory Scott, Robert Thompson, and the late Curtis Reis ("Moving Defendants"). The following facts are within my personal knowledge, and if called upon as a witness, I could and would testify competently thereto.

2. This declaration is filed in support of Moving Defendants' *ex parte* application for an order shortening time to hear their Motion To Stay Proceedings Or, In The Alternative, To Continue Trial Date And All Non-Discovery-Related Pre-Trial Dates (Docket No. 75) ("Motion to Stay"). A copy of the Motion to Stay is attached hereto as **Exhibit A**.

3. At the time of Alliance Bank's closure in February 2009, Defendants were covered under a $10 million directors and officers liability insurance policy issued by Federal. Shortly after the closure, however, Federal retroactively reduced the policy limit from $10 million to $1 million and added a regulatory exclusion rider. And in November 2009, after receiving from Plaintiff formal notice of the claims asserted in the instant action, Federal denied coverage. Moving Defendants filed suit against Federal in November 2011 alleging breach of contract and bad faith ("Coverage Action"). The Coverage Action is currently on appeal before the U.S. Court of Appeals for the Ninth Circuit.

4. In addition to the Moving Defendants' Motion to Stay, there are five other motions in this matter currently pending before the Court. Deciding the Moving Defendants' Motion to Stay first could obviate the need for the Court to consider the other pending motions.

5. Neither counsel nor the parties in this case are at liberty to discuss the particulars of their settlement discussions. But a ruling in the Coverage Action that

1  Moving Defendants are entitled to $10 million of coverage under their D&O
2  liability policy would increase the likelihood that this action will settle before trial.
3       6.    Typically, we would prefer not to apply for a shortened schedule
4  because of the inconveniences it may raise for the parties and for the Court.
5  However, under the circumstances here, it is our assessment that any potential
6  inconveniences would be far outweighed by the benefit of obviating the need to
7  proceed with five additional motions.  Additionally, Moving Defendants' Motion to
8  Stay requires no in-depth legal analysis.  Rather, ruling on the Motion to Stay will
9  require only that the Court review the facts laid out in the motion and apply its own
10 discretion as to whether a stay is in the best interests of the parties and the public.
11      7.    My colleague Emil Petrossian provided the FDIC's counsel of record
12 in this action, Jim Vorhis, with formal notice of this *ex parte* application via
13 telephone on July 8, 2014.  On July 10, 2014, Mr. Vorhis responded by e-mail
14 indicating that the FDIC intends to oppose this application.  The contact
15 information for the FDIC's counsel of record in this action is:

Patrick J. Richard, Esq.
James H. Vorhis, Esq.
Nossaman LLP
50 California Street, 34th Floor
San Francisco, California 94111

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on July 10, 2014 in Los Angeles, California.

                                        /s/ John F. Libby
                                        John F. Libby

312504065.3

7

EX PARTE APPLICATION TO SHORTEN TIME TO HEAR MOTION TO STAY PROCEEDINGS